**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2110-24

LENNY REALTY LLC and FOULKE
MANAGEMENT CORP.,

     Plaintiffs-Respondents,

v.

TOWNSHIP OF CHERRY HILL,
TOWNSHIP OF CHERRY HILL
ZONING BOARD OF ADJUSTMENT
and KATHLEEN GAETA,

     Defendants-Appellants.

_____

        Argued June 3, 2026 – Decided July 8, 2026

        Before Judges Gummer, Vanek and Jacobs.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3053-23.

        Eric J. Riso argued the cause for appellants (Zeller & Wieliczko, LLP, attorneys; Eric J. Riso, on the briefs).

        Laura D. Ruccolo argued the cause for respondents (Capehart & Scatchard, PA, attorneys; Laura D. Ruccolo, of counsel and on the brief).

PER CURIAM

Defendants Township of Cherry Hill (Township), the Township Zoning Board of Adjustment (Zoning Board), and Township Zoning Officer Kathleen Gaeta (Zoning Officer), appeal from a January 22, 2025 order granting summary judgment to plaintiffs Lenny Realty LLC and Foulke Management Corp. (Foulke) and vacating the Zoning Officer's April 20, 2023 rescission of three zoning permits issued for plaintiffs' employee-parking-lot project. Defendants also appeal from a March 14, 2025 order denying their motion for reconsideration and the portion of a February 2, 2024 order denying their request to preclude discovery. We affirm.

I.

Plaintiff Lenny Realty LLC is the owner of four adjacent lots in Cherry Hill, a portion of which it leased to plaintiff Foulke. Foulke operated a Cherry Hill Dodge dealership on the premises. In 2020, Charles Foulke, Jr., one of the dealership owners, applied for major site plan approval, lot consolidation, and other approvals related to the demolition of residential structures and construction of an employee-parking-lot with associated site improvements on the car dealership premises (the Project).

On January 19, 2021, the Cherry Hill Planning Board (Planning Board) adopted Resolution #18-P-0020 after public hearings were held on August 3, September 8, and October 5, 2020 (the Resolution). The Resolution granted Foulke the requested approvals contingent on compliance with certain agreed-to operational conditions, including the following under subsection six:

> a. Lighting levels on all neighboring lines must be brought into [o]rdinance compliance with appropriate shields or other appropriate adjustments made as recommended by the Planning Board Engineer.
>
> b. The Applicant must use the designated test drive route as identified in Applicant's Exhibit A-2.
>
> . . . .
>
> h. No off-site deliveries will be permitted and there shall be no delivery parking on Fulton Avenue and no employee or delivery parking on Wynnwood Avenue or Chambers Avenue.
>
> . . . .
>
> j. There shall be no test drives, car repair tests or employee parking in surrounding neighborhood streets.
>
> . . . .
>
> u. The Applicant shall put in place a car location procedure in place of car horns or car alarms to locate vehicles, the utilization of which on site shall be strictly prohibited
>
> . . . .

3

z. The Applicant shall comply with all applicable [Camden] County and Township [n]oise [o]rdinances.

In December 2022, the Zoning Officer issued three zoning permits for the Project. One of the zoning permits stated that "[f]ailure to comply with any and all conditions of [the Planning Board approval], may result in the rescinding of this permit."

In early 2023, the Township received complaints concerning excessive noise, including car alarms, allegedly stemming from plaintiffs' dealership operations. On February 22, 2023, Zoning Enforcement Officer Keath Mahan issued a Notice of Violation and Order to Correct (the Notice) directing plaintiffs to remedy noise ordinance violations at the location by March 3, 2023. The Notice stated in part as follows:

> Should the violation not be abated within [ten] days, a municipal summons will be issued. Please be advised that the penalty for these offenses are found in Section 1106 [of the Township Municipal Code] which states that: "any person, firm, partnership, association or corporation who or which shall violate any of the provisions of this Ordinance shall, upon conviction thereof in a summary proceeding before the Cherry Hill Township Municipal Court, be subject to a fine of not more than [o]ne [t]housand [d]ollars . . . or imprisonment not to exceed ninety . . . days or both such fine and imprisonment. Whenever such person has been officially notified by the Zoning Officer, or by the service of a summons in a prosecution, or in any other official manner that he or she is committing a violation,

4

then each day after that violation is continued said violation shall constitute a separate offense and shall be punishable by a like fine and penalty."

Mahan's letter to plaintiffs accompanying the Notice and a summary of the results of his investigation after the Township received noise complaints stated:

> Enclosed you will . . . find a Notice of Violation and Order to Correct citing this violation. The letter serves as notice to address the aforementioned activity and make necessary corrections prior to any formal action on behalf of the Township. Failure to correct and resolve this violation will leave us with no other option than taking immediate action through the Cherry Hill Municipal Court [i]n accordance with Section 5-1.6 of the Cherry Hill Township General Ordinance for violations that extend beyond the abatement date of Friday, March 3, 2023. Our office will continue to conduct inspections and/or respond to complaints to ensure compliance is met until such time that inspections are no longer needed. We thank you in advance for your correction and prompt attention to this matter.

On February 27, 2023, the Township Council held a caucus meeting where residents voiced complaints about various problems they attributed to the dealership. These concerns included excessive lighting, test driving and parking on residential streets and in buffer zones, frequent car alarms, harassment by dealership employees, trash dumping, and an alleged failure to notify neighbors about asbestos removal. The councilmembers in attendance did not authorize

5

any enforcement action in response to the complaints. Instead, one of the residents was provided with an email address to relay any further issues.

On April 17, 2023, the Township Council held another caucus meeting during which similar resident concerns were discussed. Plaintiffs posit they did not attend because they were not provided with notice of the meeting.

A few days later, the Zoning Officer issued notices rescinding the three zoning permits based on plaintiffs' failure "to comply with any and all conditions of [Resolution #18-P-0020] . . . specifically condition u, which strictly prohibited the use of car horns or alarms to locate vehicles, and condition z, which required compliance with [the] applicable Township Noise Ordinance" (the Rescission).

Foulke appealed the Rescission to the Zoning Board, which then held a hearing. At the outset of the September 7, 2023 hearing, the Board chairman limited the proofs and public comment to the record before the Zoning Officer at the time of the Rescission.

Counsel for Foulke called the Zoning Officer to testify. The Zoning Officer stated she had rescinded the permits on direct order of her supervisor. The Zoning Officer testified the Rescission was predicated on Mahan's investigation, the Notice, and resident complaints lodged before and after the

A-2110-24

March 3, 2025 abatement deadline. The Zoning Officer did not know whether Foulke had adopted a procedure for locating cars on the dealership lot without sounding car alarms. She testified that her office had not issued any municipal court summonses for ordinance violations to Foulke or to the dealership.

Neither Foulke nor the Township proffered any other evidence in support of their respective positions before the Zoning Board. At the close of the hearing, the Zoning Board voted unanimously to affirm the Rescission. The Board chairman concluded the Notice and exhibits contained "sufficient evidence to suggest that . . . at the very least, the condition requiring that [plaintiffs] comply with the noise ordinance was violated." The other Board members concurred.

In its memorializing resolution, the Zoning Board found Foulke had failed to establish the Zoning Officer improperly rescinded the zoning permits based on the record before it, which included plaintiffs' appeal, Planning Board hearing minutes, the Resolution, the approved site plan, the zoning permits, the February 27, 2024 Council meeting recording and transcript, resident complaints submitted by email before the Rescission, and the Notice. The Resolution specified that the Zoning Board did not consider the public comment at the hearing when deciding the appeal.

A-2110-24

On October 31, 2023, plaintiffs filed a five-count[1] complaint in lieu of prerogative writs challenging the Rescission and the Zoning Board's affirmance. In counts one and two, respectively, plaintiffs alleged violations of the "square corners" and "fundamental fairness" doctrines. Plaintiffs claimed in count three that the Rescission and the Zoning Board's affirmance were arbitrary, capricious, and unreasonable. In count four, plaintiffs alleged the doctrine of municipal estoppel entitled them to relief. Plaintiffs alleged in the final count that they were entitled to mandamus relief in the form of an order compelling the reissuance of the zoning permits.

Defendants then moved to dismiss plaintiffs' complaint and sought a protective order precluding discovery. The judge dismissed the counts alleging violations of the "square-corners" and "fundamental fairness" doctrines but denied the portion of defendants' motion to preclude discovery. On March 11, 2024, plaintiffs filed an amended complaint, restating the claims that the Rescission and the Zoning Board's affirmance were arbitrary, capricious and unreasonable and that they were entitled to relief under the doctrine of municipal estoppel. Defendants then moved to dismiss the amended complaint, after which the judge dismissed plaintiffs' estoppel claim "as a standalone cause of action."

---

[1] The final count is titled "Count VI," however, there is no "Count V."

A-2110-24

Thus, only plaintiffs' direct challenge to the Rescission and the Zoning Board's affirmance remained.

In November 2024, plaintiffs moved for summary judgment and defendants cross-moved for the same relief. After oral argument, the judge granted summary judgment to plaintiffs, vacated the Rescission, and granted defendants' cross-motion insofar as it called for dismissal of any remaining claims in plaintiffs' complaint.

The court acknowledged municipal boards are entitled to "substantial deference" but found, even under that standard, the evidence supporting Rescission was "fairly thin" and the motion was "a fairly close call." Ultimately, the judge found it was unreasonable for the Zoning Officer to rescind the zoning permits based on unsworn complaints and Mahan's report, which he found "completely unclear and ambiguous" as to whether and to what extent the noise issues were attributable to the dealership. The judge found plaintiffs should have had "an opportunity to at least show that they were addressing the issue."

The judge granted a sixty-day stay of the aspect of the order vacating the Rescission to allow defendants time to appeal. Defendants moved for reconsideration, and plaintiffs cross-moved to vacate the stay. The judge denied defendants' reconsideration motion and request for a stay pending appeal and

denied plaintiffs' cross-motion. This court and the Supreme Court denied defendants' subsequent motions for a stay pending appeal. The Township reissued the zoning permits in May 2025.

On appeal, defendants argue the trial court misapplied the deferential standard governing judicial review of municipal land use decisions and improperly substituted its judgment for that of the Zoning Board. Defendants contend the Rescission was supported by substantial, credible evidence in the record. They further argue plaintiffs failed to meet their burden of proving the Rescission was improper on appeal to the Zoning Board. Moreover, defendants assert the judge erred by permitting discovery in an action in lieu of prerogative writs because its review should have been confined to the municipal record.

Plaintiffs argue the judge correctly determined the Rescission was arbitrary, capricious or unreasonable because it rested on vague, unsubstantiated complaints and was not predicated on reliable evidence of plaintiffs' violation of the conditions in the Resolution. They contend the record showed, at most, generalized noise complaints without identifying specific conduct attributable to plaintiffs or their employees. Plaintiffs also argue they were not afforded a meaningful opportunity to respond prior to Rescission and the Zoning Board's appeal process was flawed. Plaintiffs also posit the conditions in the Resolution

10

were not triggered until development began. Plaintiffs maintain discovery was appropriate in light of their broader challenges to the Rescission. Plaintiffs argue the judge properly denied defendants' reconsideration motion because it was a reassertion of arguments that already had been rejected.

## II.

We review disposition of a summary judgment motion de novo, applying the same standard used by the motion judge. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Summary judgment is appropriate if "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)); see also R. 4:46-2(c).

Judicial review of municipal land use decisions, such as the Zoning Board's affirmance of the Rescission, is limited. "It is well-settled that a decision of a zoning board may be set aside only when it is 'arbitrary, capricious or unreasonable.'" Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W. Windsor Twp., 172 N.J. 75, 81 (2002) (quoting Medici v. BPR Co., 107 N.J. 1, 15 (1987)). A court may not substitute its judgment for that of the municipal

A-2110-24

officer or entity if the action is supported by substantial evidence in the record. 62-64 Main St., L.L.C. v. Mayor & Council of City of Hackensack, 221 N.J. 129, 157 (2015). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. N.J. Dep't. of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

We review a trial court's decision on a motion for reconsideration for abuse of discretion. Branch, 244 N.J. at 582. Reconsideration "is not appropriate merely because a litigant is dissatisfied with a prior ruling or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

> Reconsideration should be used only for those cases which fall into that narrow corridor in which either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016) (quoting Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002)).]

A-2110-24

III.

Although we depart from the judge's reasoning, we affirm the order granting summary judgment to plaintiffs because the MLUL does not confer zoning officers with the authority to rescind zoning permits based on violations of conditions in a planning board resolution granting site plan approval and related land-use approvals. See Atl. Ambulance Corp. v. Cullum, 451 N.J. Super. 247, 254 (App. Div. 2017) ("We affirm or reverse judgments and orders, not reasons.").

Zoning boards and zoning enforcement officers "may exercise only those powers granted by statute." Paruszewski v. Township of Elsinboro, 154 N.J. 45, 54 (1998) (quoting Cox, New Jersey Zoning and Land Use Administration § 4.2.1 (1997)). "Any exercise of a delegated power by a municipality in a manner not within the purview of the governing statute is capricious and ultra vires of the delegated powers." Mack-Cali Realty Corp. v. State, 466 N.J. Super. 402, 433 (App. Div. 2021) (quoting Giannone v. Carlin, 20 N.J. 511, 517 (1956)).

Municipal "'act[s] utterly beyond the jurisdiction of a municipal corporation' . . . are void." City Council of Orange Twp. v. Edwards, 455 N.J. Super. 261, 272 (App. Div. 2018) (alteration in original) (quoting Middletown Twp. Policemen's Benevolent Ass'n Local No. 124 v. Township of Middletown,

162 N.J. 361, 368 (2000)). "[A] void act results where the public officer has no authority to act at all." Id. at 273 (alteration in original) (quoting Indep. One Mortg. Corp. v. Gillespie, 289 N.J. Super. 92, 94 (App. Div. 1996)).

Zoning officers' enforcement powers are circumscribed by N.J.S.A. 40:55D-18, which provides in relevant part:

> In case any building or structure is erected, constructed, altered, repaired, converted, or maintained, or any building, structure or land is used in violation of this act or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of the municipality or an interested party, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business or use in or about such premises.

Although a municipal official may revoke permits that were unlawfully or mistakenly issued in violation of a zoning ordinance, see, e.g., Harz v. Borough of Spring Lake, 234 N.J. 317, 324-25 (2018), the MLUL does not expressly authorize a zoning officer to revoke a validly issued zoning permit as an enforcement mechanism for alleged violations of conditions imposed through a planning board resolution granting site plan and related land-use approvals. See N.J.S.A. 40:55D-18. Our decisional law has limited the available enforcement

mechanisms under the MLUL to actions filed in municipal court or Superior Court, either for injunctive relief or criminal sanctions and "other remedies." See Washington Commons, LLC v. City of Jersey City, 416 N.J. Super. 555, 560-62 (App. Div. 2010); see also Cox & Koenig, N.J. Zoning & Land Use Administration § 2-8 (2018).

In Washington Commons, we recognized the limited modes of enforcement available to municipal agencies under N.J.S.A. 40:55D-18 through filing a municipal court complaint or a Law Division action, applied in the context of a violation of conditions imposed on a use variance. 416 N.J. Super. at 560-62. The public-entity defendant moved in the Law Division to enforce violations of certain conditions of a use variance issued by the municipality's zoning board. Id. at 557-60. We held "a variance or condition is enforced via a complaint for injunctive relief, specific performance or other appropriate action" and, therefore, the defendant was required to seek relief by those means alone. Id. at 561.

Because a zoning officer's power to enforce violations of conditions imposed by planning board resolution also derives from the same statutory provision, N.J.S.A. 40:55D-18, we conclude defendants were similarly constrained here to enforce the conditions of the Resolution through a municipal

15

court action or complaint filed in Superior Court. Our conclusion is consistent with the Notice issued to plaintiffs, through which the Township advised them that failure to abate the specified noise ordinance violations would result in enforcement action through a municipal court proceeding.

Accordingly, we discern no error with the judge's orders granting summary judgment to plaintiffs. Nor was there an abuse of discretion in the judge's denial of defendants' reconsideration motion where defendants articulated the same arguments in support of their motion for reconsideration as those posited in opposition to plaintiffs' motion for summary judgment. See Granata, 446 N.J. Super. at 468.

In light of our conclusion, we need not reach the remaining issues, including whether the judge erroneously permitted discovery in this action in lieu of prerogative writs, whether the conditions in the Resolution were not implicated until development began, or the sufficiency of the evidence before the Zoning Officer at the time of Rescission.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hawley

Clerk of the Appellate Division

16